E-FILED
Thursday, 21 January, 2010  12:14:37 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| PEORIA DAY SURGERY CENTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 06-1236 |
| | ) | |
| OSF HEALTHCARE SYSTEM, an Illinois | ) | |
| not-for-profit corporation d/b/a SAINT | ) | |
| FRANCIS MEDICAL CENTER, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Now before the Court is Plaintiff Peoria Day Surgery Center's ("PDSC") Motion to Alter Judgment pursuant to Rule 59(e) [#220], which the Court construes as a Motion to Reconsider. For the reasons set forth below, PDSC's motion is DENIED.

## BACKGROUND

On December 30, 2009, this Court entered an Order granting in part and denying in part Defendant OSF Healthcare System's, an Illinois not-for-profit corporation d/b/a Saint Francis Medical Center ("SFMC"), Motion for Summary Judgment.  SFMC's Motion for Summary Judgment was granted in regard to Counts III and IV, which alleged SFMC's tortious interference with contractual relations and prospective economic advantage between PDSC and Caterpillar.  The Court found that no genuine issue of material fact existed as to whether SFMC intentionally and unjustifiably induced the breach of Caterpillar's contract with PDSC for in-network urological services where SFMC was privileged to enforce its own contractual provision with Caterpillar.

1

**DISCUSSION**

"Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale de Credit v. CBI Industries*, 90 F.3d 1264, 1269 (7th Cir. 1996).  It is not appropriate to argue matters that could have been raised in prior motions or rehash previously rejected arguments in a motion to reconsider.  *Id.* at 1270.

PDSC's motion does not present any new evidence, nor does it serve an appropriate limited function under *Caisse*.  PDSC's motion sets forth case law discussing the time frame courts must look to in determining whether a misrepresentation or false statement was made. PDSC does so in order to support its argument that the period for evaluating SFMC's representations regarding capacity was between March 2, 2004, and August 1, 2004, and not after August 1, 2004, as it says the Court incorrectly evaluated.  The Court's Order specifically referred to the relevant time period, pre-August 1, 2004.  The Boyd Obstetrics complaint and SFMC's internal discussion regarding capacity were "some instances in the record where SFMC internally discusses capacity restraints . . . ."  Dkt. 219, p. 18   One medical office's (Boyd Obstetrics) scheduling complaints, addressed by SFMC to the extent that Caterpillar's Maureen Pearce believed no further follow-up was necessary, is an insufficient instance in the record to create a triable issue.  The additional instance where SFMC's Dr. Gorenz, on July 16, 2004, internally discusses the CFH as being "near capacity at its current hours of operation" also does not create a triable issue where there is no evidence that SFMC actually lacked capacity in the months and weeks leading up to PDSC's termination as in-network.

Perhaps the Court went too far in considering the time period following Caterpillar's

termination of PDSC as in-network for urological services.  The Court considered that period to determine whether there were any evidentiary indications which would serve to create a genuine issue of material fact regarding SFMC's capacity representations, having found none in the pre-termination period.  Just as SFMC's Dr. Gorenz's internal email was insufficient to create a triable issue in the period leading up to PDSC's termination, neither does SFMC's own document of June 6, 2005, where SFMC discusses "capacity constraints."  Furthermore, PDSC's reference to one doctor's experience with scheduling difficulties over a three to four month period in 2005 is insufficient to create a material question of fact.  As SFMC notes in its response to PDSC's motion to alter the Court's judgment, no evidence suggests that SFMC contemporaneously knew of that doctor's complaints.  Ultimately, PDSC does not point to anywhere in the record where Caterpillar received complaints from health plan Members or doctors as to insufficient capacity at the CFH following Caterpillar's termination of PDSC as in-network for urological services.  The instances following PDSC's termination that PDSC points to are insufficient to create a question of fact whether SFMC intentionally and unjustifiably lied about its surgical capacity to induce the breach of Caterpillar's contract with PDSC for in-network urological services in 2004.

## CONCLUSION

For the reasons set forth above, PDSC's Motion to Alter Judgment Pursuant to Rule 59(e) [#220] is DENIED.

ENTERED this 20th day of January, 2010.

s/Michael M. Mihm          
Michael M. Mihm

United States District Judge